IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE VAN HUNG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LIBBY SCHAAF, et al.,<br><br>    Defendants. | Case No. 19-cv-01436-CRB<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER** |

Plaintiffs are residents of Oakland who are currently experiencing homelessness. Complaint (Dkt. 1). They currently reside in an encampment in the Union Point Park; Eastern/Southern parking lot in Oakland, California. Id. at 4; Mot. for a PI (Dkt. 17) at 3. The City of Oakland's Public Works Department has informed them, via a notice posted on March 15, 2019, that on Wednesday, March 20, 2019, it will "close this encampment. Any property left at this site at the time of cleanup it [sic] will be removed from the site and stored by public works. Property that is unsafe or hazardous will be immediately discarded." Mot. for a TRO Exh A. (Dkt. 3). Plaintiffs seek a temporary restraining order ("TRO"), id., and a preliminary injunction, Mot. for a PI, to prevent that closure.

A TRO is an "extraordinary remedy" that should be awarded only upon a clear showing that the party is entitled to such relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Such an order may be issued only where the moving party has established: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to plaintiff in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. See id. at 22.  A Court may issue a temporary restraining order without written or oral notice only if (A) specific facts in an

affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons it should not be required. Fed. R. Civ. P. 65(b)(1).

Plaintiffs allege that their Fourth and Fourteenth Amendment rights will be irreparably violated without a TRO because Defendants will seize and destroy their property. Complaint at 4; see also Lavan v. City of Los Angeles, 693 F.3d 1022, 1024 (9th Cir. 2012). They also allege that their Eighth Amendment rights will be violated because they will be subject to arrest. Mot. for a PI at 3; see also Martin v. City of Boise, 902 F.3d 1031, 1035 (9th Cir. 2018). Plaintiffs do not explain why, although the Notice to Vacate was posted on March 15, 2019, they waited until the evening of March 19, 2019—the day before the eviction—to file this case.

In any event, Plaintiffs have demonstrated they face immediate and irreparable injury in the form of a loss of their homes and possession and the possibility of criminal sanction, before the Court has had the opportunity to hear from Defendants in this matter. Further, as the Plaintiffs are pro se, it is unclear whether Rule 65(b)(1)(B)'s requirements, which impose a duty on "the movant's attorney," apply here. Given the imminent nature of the challenged action and resulting irreparable harm shown, the Court finds that the requirements of Rule 65(b)(1) are met.

Accordingly, the Court GRANTS Plaintiffs' motion for a temporary restraining order enjoining Defendants from vacating the encampment at the Union Point Park; Eastern/Southern parking lot, see Mot. for a TRO at 3, for 14 days, until April 2, 2019. This order is entered at 6:15 on March 19, 2019.

The Clerk is DIRECTED to serve this Order on the Plaintiffs by email at maowunyo@gmail.com, jessica.huffman@gmail.com, hawaiianstyle83.NB@gmail.com, and tanknytson12@gmail.com. The Clerk is further DIRECTED to serve this Order, the Complaint (Dkt. 1), and the Motions for a Temporary Restraining Order (Dkt. 3) and Preliminary Injunction (Dkt. 17) on Defendants Libby Schaaf at LSchaaf@oaklandnet.com

2

and Joe DeVries at jdevries@oaknet.com. Plaintiffs are responsible for serving the Complaint (Dkt. 1) and the Motions for a Temporary Restraining Order (Dkt. 3) and Preliminary Injunction (Dkt. 3) on Defendant Department of Public Works.

**IT IS SO ORDERED.**

Dated: March 19, 2019

CHARLES R. BREYER
United States District Judge